# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROSEBUD RESTAURANT, INC.

    PLAINTIFF,

v.

QBE NORTH AMERICA, a/k/a QBE AMERICAS, INC., a/k/a QBE INSURANCE GROUP LIMITED and REGENT INSURANCE CO.

    DEFENDANTS.

CASE NUMBER: 1:20-cv-5526

Circuit Court of Cook County:

2020L008312

## DEFENDANTS QBE AMERICAS, INC. AND REGENT INSURANCE COMPANY'S JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants QBE Americas Inc. ("QBE Americas) and Regent Insurance Company ("Regent"), by their attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby file their Notice of Removal of the action styled as *Rosebud Restaurant, Inc. v. QBE North America a/k/a QBE Americas, Inc. a/k/a QBE Insurance Group Limited and Regent Insurance Co.*, Case Number 2020L008312, currently pending in the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, and as grounds for removal state:

4816-4239-7899.1

## I. THE STATE COURT ACTION

1. On August 6, 2020, Plaintiff Rosebud Restaurant, Inc. ("Plaintiff") filed its Complaint in the Circuit Court of Cook County, Illinois, Case Number 2020L008312 (the "State Court Action"), seeking a declaratory judgment under 28 U.S.C. § 2201 and asserting breach of contract and insurance bad faith claims under Illinois law. The Complaint and all other filings to date in the State Court Action are attached hereto as Exhibit 1.[1]

2. No orders have been filed in the State Court Action.

3. A return of service indicating completion of service on QBE Americas, Inc. on August 19, 2020, has been filed in the State Court Action. Ex. 1, pp. 18-19, Sheriff's Office of Cook County, Affidavit of Service.

4. Regent's legal counsel accepted service on behalf of Regent on September 11, 2020.

5. To date, no evidence of service on QBE North America, or QBE Insurance Group Limited has been filed in the State Court Action.

6. From the styling of the Complaint it is unclear whether Plaintiff intended to sue QBE North America and/or QBE Insurance Group Limited, or merely regards them as alternate names for QBE Americas.

---

[1] Exhibit 1 is a complete set of "all process, pleadings, and orders" in the State Court Action to date. *See* 28 U.S.C. § 1446(a).

7. Plaintiff has agreed in principal to voluntarily dismiss QBE North America, QBE Americas, and QBE Insurance Group Limited, because they are not proper parties to the State Court Action, but the dismissal has not yet been completed.

8. QBE North America is not a proper party because it is not a legal entity, but rather a division of QBE Americas. Ex. 2 ¶ 6;

9. QBE Americas is not a proper party because it did not issue the insurance policy on which the State Court Action is based;

10. QBE Insurance Group Limited is not a proper party because it is not an insurance company, but rather a holding company incorporated under Australian law and having its principal place of business in Australia. Ex. 2 ¶ 7.

11. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

## II. CITIZENSHIP

12. Plaintiff alleges in its Complaint that "Plaintiff is an Illinois Corporation with its principle place of business in Chicago, Illinois." Ex. 1, p. 5, Plaintiff's Complaint at ¶ 12. Plaintiff is therefore a citizen of Illinois for jurisdictional purposes.

13. QBE Americas is a Delaware corporation with its principal place of business in New York. Ex. 2 ¶ 4. QBE Americas is therefore a citizen of Delaware and New York for jurisdictional purposes.

14. Regent is a Wisconsin corporation with its principal place of business in New York Ex. 2 ¶ 5. Regent is therefore a citizen of Wisconsin and New York for jurisdictional purposes.

15. The citizenships of QBE North America and QBE Insurance Group Limited are irrelevant because neither one has been properly joined and served. *See* 28 U.S.C. § 1441 (b)(2) (limiting citizenship analysis to "parties in interest properly joined and served").[2]

### III. AMOUNT IN CONTROVERSY

16. The Complaint alleges that "covered losses . . . are expected to total millions of dollars." Ex. 1, p. 8, Pl.'s Compl. at ¶ 33.

17. For its bad faith claim pursuant to Section 155 of the Illinois Insurance Code, Plaintiff seeks statutory damages of at least $60,000. Ex. 1, p. 3, Pl.'s Compl. at ¶¶ 3-4.

---

[2] Complete diversity would still exist even if these two defendants had somehow been served because QBE North America is not a legal entity and QBE Insurance Group Limited is a citizen of Australia.

## IV. FEDERAL QUESTION

18. Plaintiff seeks a declaratory judgment "[p]ursuant to 28 U.S.C. § 2201," the federal Declaratory Judgments Act. Ex. 1, p. 9-10, Pl.'s Compl. at ¶ 40.

## IV. LEGAL STANDARDS

19. Removal based on diversity of citizenship is appropriate upon a showing that there is complete diversity of citizenship, the amount in controversy exceeds $75,000, exclusive of interest, costs and attorney's fees, and all defendants who have been properly joined and served have joined in or consented to the removal of the action. 28 U.S.C. § 1332; 28 U.S.C. § 1446(b)(2)(A).

20. For purposes of diversity jurisdiction, with exceptions not applicable here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

21. The citizenship of parties not properly joined and served in the State Court Action is irrelevant. *See* 28 U.S.C. § 1441 (b)(2) (limiting citizenship analysis to "parties in interest properly joined and served").

22. For purposes of diversity jurisdiction, the amount in controversy is the sum identified in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

23. When a complaint does not claim a specific dollar amount of damages, the amount in controversy may be established from a "reasonable and commonsense reading of the complaint . . . ." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. Oct. 16, 2002).

24. A defendant seeking to remove a case to federal court must file its notice of removal within 30 days after the service of the initial pleading. 28 U.S.C. § 1446 (b) (notice of removal must be filed within 30 days after receipt of the initial pleading "through service or otherwise"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (clarifying that time to remove is not triggered "by mere receipt of the complaint unattended by any formal service").

25. Under 28 USC 1441 (c), a claim brought in state court "may be removed" if it includes "a claim arising under the . . . laws . . . of the United States."

26. When a case involving a mix of federal and state law claims is removed to federal court based on federal question jurisdiction, the federal court "shall sever" the state law claims, and "shall remand" the state law claims to the state court. *Id.*[3]

---

[3] To be clear, Defendants are removing all claims in the Complaint to this Court based on diversity of citizenship jurisdiction. Federal question jurisdiction merely provides an additional basis for removal of Plaintiff's declaratory judgment claim, which is pled pursuant to the federal Declaratory Judgments Act. Defendants do not seek to sever the declaratory judgment claim from the state law claims, or to have the federal and state claims tried separately in two different courts.

## V. REMOVAL IS PROPER

27. This Notice of Removal is timely because it was filed within 30 days after QBE Americas was served on August 19, 2020, and within 30 days after the Regent's legal counsel accepted service on behalf of Regent on September 11, 2020.

28. There is complete diversity of citizenship in this case because Plaintiff is a citizen of Illinois, and no properly joined and served Defendant is a citizen of Illinois.

29. A reasonable and commonsense reading of the Complaint establishes that the amount in controversy far exceeds $75,000 because Plaintiff alleges that covered losses for its business interruption claim "are expected to total millions of dollars" (Ex. 1, p. 8, Pl.'s Compl. at ¶ 33), and additional seeks a minimum of $60,000 in damages for its bad faith claim (Ex. 1, p. 3, Pl.'s Compl. at ¶¶ 3-4).

30. Plaintiff's declaratory judgment claim is also removable based on federal question jurisdiction per 28 USC 1441 (c), because it seeks relief under the federal Declaratory Judgments Act.

31. As required by 28 U.S.C. § 1446 (d), a Notice of Filing Notice of Removal is simultaneously being filed in the State Court Action with the clerk of the Circuit Court of Cook County, Illinois, and this Notice of Removal is being served on Plaintiff's counsel.

**WHEREFORE**, Defendants hereby remove all claims in the State Court Action to the United States District Court for the Northern District of Illinois.

## JURY DEMAND

Defendants hereby demand a jury trial.

Respectfully submitted,

**LEWIS BRIBOIS BISGAARD & SMITH LLP**

*/s/ Dan Worker*
**Dan Worker, Esq.**
ARDC No. #6195554
550 West Adams Street, Suite 300
Chicago, IL 60661
Telephone:(312) 407-9921
Facsimile: (312) 345-1778
Email: Dan.Worker@lewisbrisbois.com

*Attorney for QBE Americas, Inc. and Regent Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I caused the foregoing document to be served upon all counsel of record via CM/ECF and by U.S. Mail on Plaintiff according to the parties' addresses for service utilized by Plaintiffs when serving the Complaint.

*s/ Beth Wantiez*
Beth Wantiez